# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFERY WILSON, | Case No.: 2:19-cv-339-APG-VCF |
| Petitioner, | **ORDER** |
| v. | |
| HOWELL, *et al.*, | |
| Respondents. | |

Petitioner Jeffery Wilson has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by paying the filing fee or filing a complete pauper application. Specifically, although Wilson submitted an application to proceed *in forma pauperis*, he did not submit the required financial certificate from his institution or his inmate account statements for the past six months. *See* LSR 1-2.

It does not appear that a dismissal without prejudice would materially impact the application of the limitation period in a *promptly* filed new action or would otherwise cause substantial prejudice.[1] This improperly commenced action therefore will be dismissed without prejudice.

---

[1] Based on my review of the petition and taking judicial notice of the dockets in Wilson's criminal action and appeals, it appears Wilson's conviction became final on about September 10, 2014 – 90 days after the Nevada Supreme Court issued a decision in his direct appeal. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32129 (last visited Feb. 26, 2019). Wilson filed his postconviction habeas petition in state court on December 10, 2014, just three months after the federal statute of limitations began to run. (ECF No. 1-2 at 1; http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32129 (last visited Feb. 26, 2019)). It appears that the limitation period was likely tolled during the pendency of those proceedings. *See* 28 U.S.C. § 2244(d)(2). State postconviction proceedings terminated on February 13, 2019, with the Nevada Supreme Court's issuance of remittitur, after which point the federal statute of limitations began to run again. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=32129 (last visited Feb. 26, 2019).

It therefore is ordered that this action is dismissed without prejudice. The petitioner shall file a new petition, and either pay the filing or fee or submit a complete pauper application, in a new action only, and shall not file any more documents in this case.

It further is ordered that a certificate of appealability is denied. Jurists of reason would not find debatable whether I am correct in dismissing the action without prejudice on procedural grounds.

It further is ordered, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and directing a notice of electronic filing of this order to his office. No response is required from the respondents other than to respond to any orders of a reviewing court.

The Clerk of Court shall send the petitioner a copy of his papers in this action, along with copies of the forms and instructions for an inmate pauper application and habeas petition.

The Clerk of Court shall enter a final judgment dismissing this action without prejudice.

Dated: February 26, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE